UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


GEORGE LUCAS, JR.,

      Plaintiff,

v.                                                            Case No. 8:17-cv-2246-T-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

      Defendant.
_____/


## **O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claim for

Supplemental Security Income (SSI). For the reasons discussed below, the

Commissioner's decision is affirmed.

### I.

The Plaintiff was born in 1991, has a limited education, and no past relevant

work experience. (R. 23). In October 2013, the Plaintiff applied for SSI, alleging

disability due to epilepsy as of June 1, 2011. (R. 203-08, 239). The Social Security

Administration (SSA) denied his application both initially and on reconsideration. (R.

92, 103).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on February 2, 2016. (R. 30-74). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. (R. 35-66). A vocational expert (VE) also testified. (R. 66-70).

At counsel's request, the ALJ subsequently ordered that a psychological consultative examination (CE) of the Plaintiff be conducted. (R. 34, 71, 952-957). That CE was performed in July 2016 by Maria E. Jimenez, Psy.D., who determined that the Plaintiff's mental health symptoms only mildly affected his daily living activities, vocational performance, and interpersonal interactions. (R. 954).

In a decision dated September 28, 2016, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since his application date on October 9, 2013; (2) had the severe impairment of major motor seizures; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform a full range of work at all exertional levels with no worked-related mental limitations and some nonextertional limitations; and (5) based in large part on the VE's testimony, could perform jobs that exist in significant numbers in the national economy. (R. 17-24). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 24).

The Appeals Council denied the Plaintiff's request for review. (R. 1-5). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a); 416.905(a).[1] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)).[2] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given his or her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof

---

[1] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. *See* 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Although no deference is given to the Commissioner's legal conclusions, her findings of fact "are conclusive if they are supported by 'substantial evidence.'" *Doughty*, 245 F.3d at 1278 (quotation and citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).

In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations,

4

or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). Indeed, it is the province of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).[3] Thus, the Court's role is confined to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Moore*, 405 F.3d at 1211. Where this quantum of evidence exists, the Court must affirm the Commissioner "even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Philips*, 357 F.3d at 1240 n.8).

III.

The Plaintiff's principal argument on appeal is that the Commissioner "failed to fully and adequately consider, weigh, or develop all of the evidence" regarding his mental condition. (Doc. 23 at 2). In support of this contention, the Plaintiff asserts that the ALJ failed to provide the complete medical evidence to the mental consultative examiner, Dr. Jimenez. *Id.* at 5-8. Relatedly, the Plaintiff also appears to argue that the ALJ erred in finding at step two of the sequential evaluation process that the Plaintiff's mental impairments were non-severe. *See id.* at 7.

The Commissioner counters that the Plaintiff has not met his burden of showing that he has a severe mental impairment or any work-related mental

---

[3] Decisions of the former Fifth Circuit issued prior to October 1, 1981, bind this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

limitations resulting from same, and that the medical record supports both the ALJ's decision and Dr. Jimenez's evaluation. (Doc. 24).

Upon a thorough review of the record and the parties' submissions, the Court finds no error in the ALJ's decision with respect to the Plaintiff's alleged mental health conditions and Dr. Jimenez's mental CE.

### A.

The Court begins its analysis with the Plaintiff's underlying contention that the ALJ erred in finding at step two that the Plaintiff's mental impairments were non-severe. This argument is both undeveloped and unavailing.

As noted, at step two of the process, the ALJ must gauge whether the claimant has a medically determinable impairment (or combination of impairments) that is severe. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.921. While this step constitutes a "threshold inquiry," under which "only the most trivial impairments are to be rejected," *McCormick v. Soc. Sec. Admin., Comm'r*, 619 F. App'x 855, 857 (11th Cir. 2015) (citation omitted), the severity of an impairment is "measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality," *Wind v. Barnhart,* 133 F. App'x 684, 690 (11th Cir. 2005) (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). In the end, the finding of *any* severe impairment is enough to satisfy step two. *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013) (per curiam); *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (per curiam); *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (citations omitted).

Here, the ALJ made a specific finding at step two that the Plaintiff's mental impairments "do not cause more than minimal limitation" on his ability to "perform basic mental work activities." (R. 19). The ALJ also determined at step two, however, that the Plaintiff had the severe impairment of major motor seizures. *Id.* Because the ALJ found that Plaintiff suffered from a severe impairment at step two and thus proceeded beyond that step in the sequential analysis, any error in failing to find that the Plaintiff suffered from other severe impairments is harmless. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853-54 (11th Cir. 2013) (per curiam); *Packer*, 542 F. App'x at 892; *Heatly*, 382 F. App'x at 824-25.

Furthermore, despite finding the Plaintiff's mental conditions to be non-severe, the ALJ properly "considered all of [the] impairments in combination at later steps in the evaluation process.'" *Clark v. Colvin*, 2013 WL 787127, at *5 (M.D. Fla. Mar 4. 2013) (quoting *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011)). Indeed, as it was incumbent upon her to do, the ALJ considered the Plaintiff's mental impairments in combination, including those deemed non-severe, to determine whether they affected the Plaintiff's RFC or otherwise rendered him disabled. (R. 22); *Burgin*, 420 F. App'x at 902-03 (citing *Jamison v. Bowen*, 814 F.3d. 585, 588 (11th Cir. 1987)). Notably, although the Plaintiff refers to "behavioral issues" reflected in the record (Doc. 23 at 6-7), he neglects to point to any functional or work-related limitations resulting from these alleged behavioral issues.

B.

The Plaintiff's challenge to the ALJ's development of the record centers around Dr. Jimenez's comment in her report that she was provided with only "partial medical documentation."[4] (Doc. 23, R. 952). Acknowledging that he does not know what medical records were actually provided to the doctor, the Plaintiff nonetheless asserts that the record evidences mental issues that warranted stronger consideration by a mental health professional. (Doc. 23 at 6). The Plaintiff's argument provides no cause for remand.

It is well settled that Social Security proceedings are by their nature inquisitorial, rather than adversarial. *Washington*, 906 F.3d at 1364; *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). As such, while a claimant ultimately bears the burden of proving that he is disabled and must produce adequate evidence to support her claim, an ALJ has a firmly-established duty to develop a full and fair record of the facts relevant to the claimant's application for benefits. *Washington*, 906 F.3d at 1364; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (citation omitted).

This duty allows an ALJ to order a CE under certain circumstances. Indeed, it is reversible error for an ALJ not to order a CE when such an evaluation is "necessary for [the ALJ] to make an informed decision." *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citation omitted). Case law in this Circuit, however, requires a

---

[4] Neither the record nor Dr. Jimenez's report indicates what this "partial" documentation consisted of.

plaintiff to show some prejudice before remand to the Commissioner for further development is ordered. *Henry*, 802 F.3d at 1267. In considering whether remand is required, the court is guided by whether there are evidentiary gaps in the record that result in unfairness or clear prejudice. *Id.*

In this case, there is no contention that the ALJ failed in his duty to order a CE. Indeed, as the Plaintiff acknowledges, the ALJ did so.

While the Plaintiff asserts that the CE was insufficient because Dr. Jimenez was not fully informed of the Plaintiff's entire medical history, he has not cited any authority for the proposition that the examiner was required to have his "complete" medical record. Speculating about what the doctor may or may not have seen in the "partial medical documentation," the Plaintiff's arguments amount to just that— speculation. The Plaintiff's conjecture about what Dr. Jimenez could have or should have drawn from the medical record to which the Plaintiff cites is simply insufficient to show a failure by the ALJ to develop the record or clear prejudice to the Plaintiff.

In sum, while the ALJ must develop a full and fair record, the burden is on a claimant to prove that he is disabled. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The Plaintiff here has failed to meet that burden. When considered in full, the record before the ALJ provided substantial support for the conclusion that Plaintiff had the mental and physical capacity to work.

IV.

For the foregoing reasons, it is hereby ORDERED:

1)      The Commissioner's decision is AFFIRMED.

2)      The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 28th day of February 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record